IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CURTIS DWAYNE HOLBROOK,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:22-cv-00121 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| WEXFORD HEALTH SERVICE, <u>et al.</u>, | ) | Chief United States District Judge |
| Defendants. | ) | |

| | | |
|---|---|---|
| **CURTIS DWAYNE HOLBROOK,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:22-cv-00184 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| SOUTHWEST VIRGINIA REGIONAL | ) | Chief United States District Judge |
| JAIL AUTHORITY, <u>et al.</u>, | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Curtis Dwayne Holbrook, a state inmate proceeding <u>pro se</u>, filed these actions under 42 U.S.C. § 1983, alleging that he was denied medical treatment while incarcerated at a facility operated by the Southwest Virginia Regional Jail Authority. On July 25, 2022, Holbrook filed a second amended complaint in both cases that contains identical factual allegations. For the following reasons, the court will exercise its discretion to consolidate the two cases pursuant to Federal Rule of Civil Procedure 42(a).

Rule 42(a) allows for the consolidation of actions that involve "a common question of law or fact." Fed. R. Civ. P. 42(a). "Consolidation is a 'managerial device' that 'makes possible the streamlined processing of groups of cases, often obviating the need for multiple lawsuits and trials.'" <u>Hixson v. Hutcheson</u>, No. 5:17-cv-00032, 2018 U.S. Dist. LEXIS 21962, at *6

(W.D. Va. Feb. 9, 2018) (quoting 8 Moore's Federal Practice § 42.10[1][a]). The court has wide discretion to consolidate cases pending in the same district. A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co., 559 F.2d 928, 933 (4th Cir. 1977). "Because consolidation is within the broad discretion of the district court, . . . trial courts may consolidate cases sua sponte." In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987) (citations omitted); see also Miller v. United States Postal Serv., 729 F.2d 1033, 1036 (5th Cir. 1984) ("A motion to consolidate is not required; the court may invoke Rule 42(a) sua sponte.").

Here, it is clear from the pleadings that these cases share common questions of law and fact. Indeed, the second amended complaints are virtually identical. Because "the cases constitute mirror images of one another," the court finds that consolidation will not cause any prejudice, inconvenience, or undue delay. Hixson, 2018 U.S. Dist. LEXIS 21962, at *8 (internal quotation marks and citation omitted). To the contrary, consolidation will avoid duplicative litigation, prevent inconsistent rulings, and conserve judicial resources. Id. The court therefore finds that consolidation is appropriate.

For these reasons, it is now **ORDERED** as follows:

1. Civil Action Nos. 7:22-cv-00121 (the "121 Case") and 7:22-cv-00184 (the "184 Case") are hereby **CONSOLIDATED** for all further proceedings;

2. All future filing should be made only in the 121 Case;

3. The Clerk is **DIRECTED** to add to the 121 Case as defendants the four defendants listed in the 184 Case;

4. The Clerk is further **DIRECTED** to administratively close the 184 Case and strike it from the court's active docket.

The Clerk shall send a copy of this order to the plaintiff.

It is so **ORDERED**.

Entered: August 29, 2022

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2022.08.29 16:40:27 -04'00'

Michael F. Urbanski
Chief United States District Judge

3